# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROBERT TORREZ,

      Plaintiff,

vs.                                                       No. CV 17-00843 MV/GJF

CENTURIAN, LLC, (HEALTH CARE PROVIDE)
CORE CIVIC: WARDEN BETTY JUDD
NEW MEXICO DEPARTMENT OF CORRECTIONS,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on the Complaint for Violation of Civil Rights filed by Plaintiff Robert Torrez (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with 28 U.S.C. Sections 1914 and 1915, failure to comply with Court orders, and failure to prosecute this case.

Plaintiff, Robert Torrez, filed this civil rights proceeding under 42 U.S.C. Section 1983 on August 17, 2017. (Doc. 1). Plaintiff did not pay the $400.00 filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. Section 1915. Plaintiff did, however, submit his six-month inmate account statement, evincing an intent to seek leave to proceed *in forma pauperis* under Section 1915. (Doc. 3).

Under 28 U.S.C. Sections 1914(a) and 1915(a), the Court is required to collect the filing fee from Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. In order to proceed *in forma pauperis,* a plaintiff is statutorily required to submit an affidavit to support a request to proceed without prepaying fees or costs. Section 1915(a) provides that the Court may authorize commencement of a civil case without prepayment of fees:

> "by a person who submits an affidavit that includes a statement
> of all assets such prisoner possesses that the person is unable to
> pay such fees or give security therefor. Such affidavit shall
> state the nature of the action, defense, or appeal and affiant's
> belief that the person is entitled to redress."

28 U.S.C. § 1915(a).

On March 30, 2018, the Court ordered Plaintiff to cure the deficiency in his filing within 30 days by submitting an application to proceed *in forma pauperis.* (Doc. 5). The Order advised Plaintiff that, if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 5 at 1). The Court also sent Plaintiff the form for submitting an application under Section 1915. (Doc. 5 at 2). The form application sent to Plaintiff by the Court with the March 30, 2018 Order contained the affidavit required by Section 1915(a). Without the affidavit required by § 1915(a), the Court may not authorize Plaintiff to proceed with this action without prepaying the filing fee. 28 U.S.C. § 1915(a).

More than 30 days elapsed after entry of the Court's Order to Cure Deficiency and Plaintiff did not submit the application to proceed under Section 1915 or otherwise respond to the Court's March 30, 2018 Order. On June 14, 2018, the Court entered an Order to Show Cause. (Doc. 6). The Order directed Plaintiff Torrez to show cause within 21 days why the case should not be dismissed for failure to comply with the Court's March 30, 2018 Order. (Doc. 6 at 2). Torrez did not show cause or otherwise respond to the Court's June 14, 2018 Order to Show Cause.

The Prison Litigation Reform Act requires the Court to either collect the federal filing fee from Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. 28 U.S.C. §§ 1914(a), 1915(a), Plaintiff failed to either pay the $400.00 filing fee or submit an application to proceed under Section 1915. Based on his submission of his inmate account statement, the Court

ordered Torrez to submit an application to proceed under Section 1915. The Court also provided Torrez with the Section 1915 application form. (Doc. 5). Torrez did not file an application to proceed or respond to the Court's Order. When the Court ordered Torrez to show cause why the case should not be dismissed, he again failed to respond to the Court's Order. (Doc. 6). Torrez has failed to comply with the requirements of 28 U.S.C. Sections 1914 and 1915, with the Court's March 30, 2018 Order to Cure Deficiency, and with the Court's June 14, 2018 Order to Show Cause.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action for failure to prosecute, to comply with the statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. Sections 1914 and 1915, failure to comply with the Court's Orders of March 30, 2018 and June 14, 2018, and failure to prosecute this proceeding.

**IT IS THEREFORE ORDERED** that the Complaint for Violation of Civil Rights filed by Plaintiff Robert Torrez (Doc. 1) is **DISMISSED** without prejudice under Rule 41(b) for failure to prosecute or to comply with 28 U.S.C. Sections 1914 and 1915 and with the Court's March 30, 2018 and June 14, 2018 Orders.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE